IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRED EARL REYNOLDS, III, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 19-375-MN-MPT |
| ) | |
| DELAWARE STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This motion arises from an action brought by Fred Earl Reynolds, III, ("plaintiff") against Delaware State University ("DSU" or "defendant") alleging unlawful retaliation in violation of 19 Del. C. § 1791, *et. seq.*, otherwise known as the Delaware Whistleblower Protection Act ("DWPA").[1] Plaintiff's initial complaint was filed on February 25, 2019, and his amended complaint was filed June 25, 2019.[2] The amended complaint alleges defendant unlawfully retaliated when it failed to rehire plaintiff for a new position.[3] Defendant argues that the statute of limitations has expired and bars plaintiff from bringing this action.[4] Plaintiff contends the wrongful act for the running of the statute of limitations was the refusal to rehire, not his termination date.[5] Presently before the court is defendant's motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c).[6]

### II. BACKGROUND

#### A. Parties

---

[1] D.I. 1, D.I. 10.
[2] *Id.*
[3] D.I. 10 at 1.
[4] D.I. 27 at 1.
[5] D.I. 28 at 4.
[6] D.I. 26.

Plaintiff Fred Earl Reynolds, III, is a private citizen, residing at 5169 Tilden Street NW, Washington, D.C. 20016.[7]

Defendant Delaware State University is a public university located at 1200 N. DuPont Highway, Dover, Delaware 19901.[8]

### B. Facts

Plaintiff began employment at DSU in May 2015.[9] As a consultant, plaintiff was responsible for obtaining grants from the National Collegiate Association ("NCAA").[10] In July 2015, defendant received a grant in the amount of $499,850 on the condition it devise a new budget determining how and the purpose(s) for the distribution of the funds.[11] This budget was created in substantial part by plaintiff and was approved by the NCAA in August 2015.[12] It included a newly created full-time position of Associate Director of Academic Programming in the Department of Athletics ("Associate Director") at a salary of $75,000 per year.[13] This position was promised to plaintiff and an offer letter was sent to him on October 26, 2015.[14] In the offer letter, the NCAA's grant requirements were included, as well as, a salary of $70,000 per year.[15] Plaintiff immediately notified defendant, verbally and in writing, that the salary discrepancy was an issue ("Financial Issue").[16] He discussed the salary issue with different officials at

---

[7] D.I. 10 at 1.
[8] *Id.*
[9] D.I. at 2.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at 2-3.
[14] *Id.*
[15] *Id.*
[16] *Id.*

DSU.[17] Plaintiff, however, accepted the Associate Director position shortly thereafter, with no modification in salary.[18]

In January 2016, plaintiff became aware that at least one student was participating in DSU athletics without being enrolled full time, which raised safety and liability concerns ("Safety Issue").[19] He reported, verbally and in writing, to the Associate Director of Academic Services, that his concerns were already known to other officials at DSU. Purportedly, the Associate Director advised that she disapproved of plaintiff expressing his concerns in writing.[20] Plaintiff then approached the DSU Associate Provost and the present Director of Athletics to inform them of the Safety Issue, which he claimed was against many DSU and NCAA rules and regulations.[21] Plaintiff also mentioned the Financial Issue, emphasizing that the discrepancy in his salary violated the grant conditions.[22] One day later, February 12, 2016, plaintiff was advised that the Associate Provost was "not happy about his email", and the President of DSU had been contacted.[23] On February 16, 2016, plaintiff was terminated.[24]

In September 2016, the Associate Director for Compliance resigned. Defendant posted this position for hire in October 2016.[25] Plaintiff applied for this position, believing that he was "well qualified" and should be "the top candidate."[26] Plaintiff was not selected and asserts that he was later informed it was due to his previous

---

[17] *Id.*
[18] *Id.*
[19] *Id.* at 3-4.
[20] *Id.* at 4.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*

3

complaints regarding the Financial and Safety Issues.[27]  Plaintiff subsequently secured employment at St. Mary's College of Maryland in the Athletics Department on January 27, 2017.[28]

## III. STANDARD OF REVIEW

Judgment on the pleadings under FED. R. CIV.P. 12(c) is appropriate when there are no material issues of fact.  The moving party is required to show that it is entitled to judgment as a matter of law.[29]  The court does not consider matters outside the pleadings, and it must accept the non-moving party's allegations as true, drawing all reasonable inferences in the non-movant's favor.[30]  The purpose of a judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and the documents incorporated by reference.[31]

## IV. DISCUSSION

### A. Parties' Arguments

Defendant argues the three year statute of limitations under 10 Del. C. § 8106 and the DWPA expired on February 16, 2019.  Plaintiff's complaint was filed on February 25, 2019.[32]  Defendant maintains that plaintiff's termination is the only alleged wrongful act by DSU which supports a DWPA claim.[33]  It further contends that the Act

---

[27] *Id.* at 4-5.
[28] *Id.*
[29] *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005); *Inst. For Sci. Info., Inc., v. Gordon & Breach Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991).
[30] *Mele v. Fed. Reserve Bank*, 359 F.3d 251, 257 (3d Cir. 2004); *Inst. For Sci. Info., Inc.*, 931 F.2d at 1005; *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998).
[31] Wright and Miller, *5C Fed. Prac. & Proc. Civ. 3d* § 1367 (1990).
[32] D.I. 27 at 1.
[33] *Id.* at 1-2.

does not extend protection to former employees, and therefore, the failure to rehire was not unlawful discrimination thereunder. As a result, the limitations period under the DWPA expired nine days before plaintiff filed his initial complaint.[34]

Plaintiff contends defendant is misinterpreting and ignoring the actual bases of his action.[35] He contends that his claim under the DWPA is based on defendant's unlawful discrimination by refusing to rehire him after he engaged in protected activity under the Act.[36] He further maintains that the statute of limitations has not expired, because the unlawful discrimination was the refusal to rehire which occurred in October 2016, and his complaint was filed within the required three year period.[37]

**B.   Analysis**

The statute of limitations begins running at the time the wrongful act occurs.[38] The limitations period runs regardless of whether the plaintiff is aware that the cause of action has accrued.[39] The parties disagree on the wrongful act which triggered the statutes. Plaintiff claims it was defendant's refusal to rehire him eight months after his termination, while defendant maintains that plaintiff's termination was the only actionable conduct under the DWPA.[40]

In its analysis, this court looks to the language of the DWPA to determine whether the protections it affords extends to former employees. The Delaware Whistleblower Protection Act provides:

---

[34] D.I.27 at 7.
[35] D.I. 28 at 2.
[36] *Id.*
[37] *Id.* at 4.
[38] *David R. v. Goodville Mut. Cas. Ins. Co.*, 2010 Del. Super. LEXIS 599.
[39] *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312 (Del. 2004).
[40] D.I. 10 at 6; D.I. 27 at 6.

> (1) "Employee" means any person *employed* full or part-time by any employer, and shall include, but not be limited to, at-will employees, contract employees, independent contracts and volunteer firefighters as defined in § 665(c) of Title 16.
> (2) "Employer" means any person, partnership, association, sole proprietorship, corporation or other business entity, including any department, agency, commission, committee, board, council, bureau, or authority or any subdivision of them in state, county or municipal government. One *shall employ another* if services are performed for wages or under any contact of hire, written or oral, express or implied. 19 Del. C. § 1702 (emphasis added).

Where the language of a statute is ambiguous, a court must determine the intent of the legislature.[41] The Delaware Superior Court previously concluded that the statute is ambiguous and addressed the legislative history of the Act.[42] It analyzed an amendment to the proposed DWPA bill, House Amendment No. 3, which provided "[the] whistleblowing protection under Senate Bill No. 173 is granted to employees . . . of acts or omissions of their employer."[43] In finding the word "their" as strong evidence that the General Assembly was referencing current employees, not former employees,[44] the court refused to extend DWPA protection to an employee who accused her former employer of unlawful retaliation. The court further determined that the legislative intent of the DWPA was to exclude former employees/employers.[45] The Delaware Supreme Court affirmed, reasoning an interpretation that the DWPA includes former employees/employers would be "contrary to the intent of the General Assembly."[46] Reading language into the statute which the legislative branch intentionally excluded

---

[41] *Tomei v. Sharp*, 902 A.2d 757, 767 (Super. Ct. Del. 2006).
[42] *Id.* at 768.
[43] *Id.*
[44] *Id.*
[45] *Id.* at 769.
[46] *Tomei v. Sharp*, 2007 Del. LEXIS 42, 11 (Del. 2007).

"transcend[s] judicial function" and erodes the separation of the three branches of government.[47]

Further, the definition of "employer" in 19 Del. C. § 1702 limits employment to "services [that] are performed for wages or under a contract of hire."[48]  Such language is unambiguous:  a person cannot be an employee unless he is performing services for a wage or otherwise in compliance with an employment contract.  An individual who does not perform such services is not an employee under the DWPA and does not fall within the Act's protection.[49]  Therefore, a former employee is not an employee under the DWPA, and the refusal to rehire plaintiff is not a wrongful act under this statute.

In light of the above findings, plaintiff's argument that the failure to rehire him eight months after his termination as the trigger for the statute of limitations is inconsistent with the language of the DWPA.  The only applicable conduct is his termination on February 16, 2016.  Under 10 Del. C. § 8106, the three-year limitation period expired on February 16, 2019, and plaintiff's action is untimely and time barred.

## V. RECOMMENDED DISPOSITION

For the foregoing reasons, it is recommended that defendant's motion for judgment on the pleadings (D.I. 26) under to FED. R. CIV. P. 12(c) be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1)(b) and (C), FED. R. CIV. P. 72(b), and D. DEL. LR 72.1, any objections to this Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response shall be limited to ten (10) pages and filed within fourteen (14) days thereafter.

---

[47] *Iselin v. United States*, 270 U.S. 245, 251 (1926).
[48] 19 Del. C. § 1702.
[49] *Eaton v. Coupe*, 2017 Del. LEXIS 79, 11 (2017).

The parties are directed to the Court's Standing Order in Non-Pro Se Matters for Objections Filed under Fed. R. Civ. P. 72 dated October 9, 2013, a copy of which is found on the Court's website (www.ded.uscourts.gov.).

Dated: June 25, 2020                           /s/ Mary Pat Thynge
                                               Chief Magistrate Judge